UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DIST. COURT EAST DIST. WISC
FILED
SEP 18 2007
AT _____ O'CLOCK _____ M
JON W. SANFILIPPO, CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 07-CR- **07 CR 246**
[7 U.S.C. §§ 87b(a)(3) and 87c(a)
and 18 U.S.C. § 2]

OLSEN'S MILL, INC.,

    Defendant.

---

## INFORMATION

---

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES:**

1.    In March 2003, in the Eastern District of Wisconsin and elsewhere,

### OLSEN'S MILL, INC.

did knowingly cause the issuance of false official certificates by representing to the Wisconsin Department of Agriculture, the appointed representative of the United States Department of Agriculture (USDA), that fifty (50) grain samples were "official" grain samples, when in truth and in fact, and as defendants well knew, the said grain samples were not "official" as that term is defined by law.


All in violation of Title 7, United States Code, Sections 87b(a)(3) and 87c(a), and Title 18, United States Code, Section 2.

*Steven M. Biskupic*
STEVEN M. BISKUPIC
United States Attorney

September 18, 2007
Date

2

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,     JON W. SANFILIPPO
                                  CLERK
                Plaintiff,

v.                                                    Case No. **07 CR 246**

OLSEN'S MILL, INC.,

                Defendant.

---

## PLEA AGREEMENT

---

1. The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and Tracy M. Johnson, Assistant United States Attorney, and the defendant, Olsen's Mill, Inc., individually and by attorney David J. Cannon, John C. Thomure, Jr., and Daniel J. Vaccaro, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a 1-count information which alleges a violation of Title 7, United States Code, Sections 87b(a)(3) and 87c(a), and Title 18, United States Code, Section 2.

3. The defendant has read and fully understands the charge contained in the information and fully understands the nature and elements of the crime with which it has been charged and the charge and the terms and conditions of the plea agreement have been fully explained to him by the corporation's attorney.

4.  The defendant voluntarily agrees to waive prosecution by indictment in open court.

5.  The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

### THE UNITED STATES ATTORNEY CHARGES:

In March 2003, in the Eastern District of Wisconsin and elsewhere,

### OLSEN'S MILL, INC.

> did knowingly cause the issuance of false official certificates by representing to the Wisconsin Department of Agriculture, the appointed representative of the United States Department of Agriculture (USDA), that fifty (50) grain samples were "official" grain samples, when in truth and in fact, and as defendants well knew, the said grain samples were not "official" as that term is defined by law.
>
> All in violation of Title 7, United States Code, Sections 87b(a)(3) and 87c(a), and Title 18, United States Code, Section 2.

6.  The defendant acknowledges, understands, and agrees that it is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits to these facts and that these facts establish its guilt beyond a reasonable doubt:

> Olsen's Mill, Inc. (OMI), is a multi-location, independent retail agricultural supply and service company. OMI's operation includes four (4) grain elevators, an ethanol plant and a crop service. OMI provides feed, seed, and plant food, along with other goods and services. Paul Olsen is the Secretary/Treasurer for OMI and the Warehouse Manager for the Oshkosh Elevator and Ethanol plant.
>
> OMI's Oshkosh Elevator provides corn and soy beans to producers of corn-refined and starch-based food products such as Corn Products, International, Inc. (CPI). CPI's headquarters are located in the West Chester, Illinois, but CPI receives product shipments via railroad in Auroraville, Illinois.

From on or about March 20-21, 2003, fifty (50) carloads of corn were sent from OMI to CPI. CPI contracted with OMI for No. 2 grade yellow corn. The contract required the corn be graded at the place of the origin, which was OMI, and the issuance of a Class A official inspection certificate. According to the National Grain Feed Association (NGFA), a Class A official inspection is an inspection and certification by an official inspector employed by the official inspection agency. The Wisconsin Department of Agriculture (WDOA) is an official inspection agency authorized by the United States Department of Agriculture (USDA).

On or about March 21, 2003, State of Wisconsin Inspector James Weber claimed to have inspected the corn loaded at OMI in route to CPI on the same date. Weber filed a false report with the WDOA stating that he sampled each carload of corn when, in fact, he had not. As an inspector, Weber is required to observe the loading of the cars and sample each car. The samples are then taken to a WDOA lab, tested and graded. An official certificate is issued based on the sample taken by the inspector. Weber did not take any samples. Prior to Weber's arrival, Paul Olsen instructed employees of OMI to create samples of corn in route to CPI. Those samples were then given to Weber. The created samples caused WDOA to issue official certificates classifying that the corn in route to CPI as yellow corn No. 1 or 2. The official certificates were then mailed and faxed to CPI.

Once the fifty (50) cars arrived at CPI, seventeen (17) cars were unloaded before a CPI employee questioned the quality of the product that had been sent by OMI. CPI then contacted Eastern Iowa Grain Inspection Service to sample and grade the fifty-car train received from OMI. Eastern Iowa graded the corn as sample grade corn. Yellow corn No. 1 and 2 are higher quality grades of corn, and are therefore more valuable.

The estimated value of the fifty cars of No.2 grade corn is approximately $448,875. The estimated value of the fifty cars of sample grade corn is approximately $187,029. The difference in value between the two grades is $261,846. The defendants dispute this contention. However, the parties agree that the court will determine the amount of loss at sentencing.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in this offense.

## PENALTIES

3

7.  The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 5 years and $20,000. Count one also carries a mandatory special assessment of $400.00, and a maximum of 3 years of supervised release. The parties further recognize that a restitution order may be entered by the court.

8.  The defendant acknowledges, understands, and agrees that the corporation has discussed the relevant statutes as well as the applicable sentencing guidelines with its attorneys.

## ELEMENTS

9.  The parties understand and agree that in order to sustain the charge of knowingly causing the issuance of a false or fraudulent official certificate as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant knowingly caused or attempted to cause the Secretary of the Department of Agriculture or the Secretary's designee to issue a false or incorrect official certificate or form by any means, including but not limited to deceptive loading, handling, weighing or sampling of grain, or submitting grain for official inspection or official weighing or supervision of weighing knowing that it has been deceptively loaded, handled, weighed, or sampled, without disclosing such knowledge to the official inspection personnel before official sampling or official weighing or supervision of weighing;
>
> Second, the defendant knew the official certificate was false or incorrect.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

4

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5. The defendant acknowledges and agrees that the corporation's attorney in turn has discussed the applicable sentencing guidelines provisions with it to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of defendant's criminal history.

## Sentencing Guidelines Calculations

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty.

### Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 6 under Sentencing Guidelines Manual §§ 2N2.1, 2B1.1, and 8C2.1.

### Specific Offense Characteristics

17. The parties acknowledge and understand that the government's calculations for the base fine pursuant to Sentencing Guideline Manual § 8C2.4, take into consideration a 12-level increase for intended loss under Sentencing Guideline Manual § 2B1.1(b)(1)(G). The defendant disputes the government's base fine calculation. However, the parties agree that the court will determine the loss and corresponding base fine calculation at sentencing.

### Base Fine

18. The parties acknowledge and understand that the government's calculated base fine amount is $350,000, pursuant to Sentencing Guidelines Manual § 8C2.4(a)(1), but the maximum statutory fine is $20,000. The defendant disputes the government's base fine calculation. However, the parties agree that the court will determine the loss and corresponding base fine calculation at sentencing.

### Culpability Score

6

19. The parties agree to recommend a base culpability score of 5 under Sentencing Guideline Manual § 8C2.5(a).

20. The parties acknowledge and understand the government will recommend a 2-level increase for an organization with ten or more employees and an individual within substantial authority participating in the offense pursuant to Sentencing Guideline Manual § 8C2.5(b)(4).

21. The government agrees to recommend a 2-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 8C2.5(g)(3), but only if the defendant exhibits conduct consistent with the acceptance of responsibility.

### Sentencing Recommendations

22. Both parties reserve the right to apprise the district court and the probation office of any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

23. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

24. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

### Court's Determinations at Sentencing

25. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence

and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 and 8 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

26. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

27. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

### Fine

28. The parties acknowledge and understand that the government will recommend to the sentencing court that a fine be imposed against the defendant.

### Special Assessment

29. The defendant agrees to pay the special assessment in the amount of $400.00 prior to or at the time of sentencing.

### Restitution

30. The defendant agrees to pay restitution if ordered to do so by the sentencing court. However, both parties acknowledge that prior to the prosecution, the defendant and Corn Products, Inc. entered into private negotiations to resolve the contractual obligations of each party. The government was not a party to the agreement. According to the defendant and Corn Products, Inc., as part of their contractual obligations, the defendant compensated Corn Products, Inc. for the

8

variance between the price and quality of the product. Thus, the government is not seeking restitution in this case.

## DEFENDANT'S COOPERATION

31. The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward departure from: (a) the applicable sentencing guideline range; (b) any applicable statutory mandatory minimum; or (c) both. The defendant acknowledges and understands that the court will make its own determination regarding the appropriateness and extent to which such cooperation should affect the sentence.

## DEFENDANT'S WAIVER OF RIGHTS

32. In entering this agreement, the defendant acknowledges and understands that in so doing the corporation is waiving certain rights as set forth in the corporate resolution of March 14, 2007, and attached hereto as Exhibit A.

33. The defendant acknowledges and understands that by pleading guilty it is waiving all the rights set forth above. The defendant further acknowledges the fact that the corporation's attorney has explained these rights to it and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant's representative under oath, on the record, and in the presence of counsel about the offense

to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant or its representative in a prosecution for perjury or false statement.

34. The defendant knowingly and voluntarily waives all claims it may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

35. The defendant acknowledges, understands, and agrees that the defendant has discussed with the corporation's attorney and understands that nothing contained in this agreement is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

36. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

37. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

38. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

39. The defendant understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

40. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of its breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and its attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that it continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

41. The defendant acknowledges, understands, and agrees that the corporation will plead guilty freely and voluntarily because it is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the lawful representative of the defendant. The corporation is entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 9-17-07

*[signature]*
OLSEN'S MILL, INC., President
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 9/17/07

*[signature]*
DAVID J. CANNON
JOHN C. THOMURE, JR.
DANIEL J. VACCARO
Attorney for Defendant

For the United States of America:

Date: September 18, 2007

*[signature]*
STEVEN M. BISKUPIC
United States Attorney

Date: 9/18/07

*[signature]*
TRACY M. JOHNSON
Assistant United States Attorney

13

# OLSEN'S MILL, INC.

## UNANIMOUS WRITTEN CONSENT ACTION OF THE DIRECTORS

The undersigned, being all of the directors of Olsen's Mill, Inc., a Wisconsin corporation (the "Corporation"), do hereby unanimously consent to, adopt and approve the following resolutions, with the same force and effect as if such resolutions were duly adopted by the unanimous affirmative vote of the directors of the Corporation taken at a special meeting thereof duly called and held on the ____ day of March, 2007 ("Effective Date"):

WHEREAS, the Corporation has been under investigation by the United States ("Investigation") relating to an allegation that the Corporation knowingly caused the issuance to the Wisconsin Department of Agriculture of false official certificates for fifty grain samples;

WHEREAS, the United States has provided the Corporation with a Plea Agreement ("Plea Agreement") in the form of Exhibit A attached hereto, which has been reviewed by the directors of the Corporation, reciting the above offense (the "Offense") and the facts relating thereto, pursuant to which the Corporation would enter a plea of guilty to the Offense;

WHEREAS, the Corporation has engaged Michael Best & Friedrich LLP, by Attorneys David J. Cannon, John C. Thomure, Jr. and Daniel Vaccaro ("counsel"), to represent the Corporation in the Investigation;

WHEREAS, the directors of the Corporation have considered the time and expense that would be required to defend itself at a trial brought by the United States of America with respect to the Offense, and various factors relating thereto, and after consultation with counsel have decided it is in the best interests of the Corporation to execute the Plea Agreement and thereby plead guilty to the charge contained in the Plea Agreement;

WHEREAS, the Corporation understands that the Plea Agreement requires it to enter a plea of guilty to a violation of Title 7, United States Code, §§ 87b(a)(3) and 87c(a), and Title 18, United States Code, § 2, a felony, with maximum potential penalties for an individual consisting of a term of incarceration of not more than 5 years or a fine of up to $20,000, or both, and for a corporation a fine of up to $20,000;

WHEREAS, the Corporation understands that the Plea Agreement requires it to pay a fine in the total amount of $20,000;

WHEREAS, the Corporation further understands that it will be required to pay a special assessment of $400 at or before the time of sentencing;

WHEREAS, the Corporation further understands that, if the court accepts the Corporation's guilty plea, the Corporation will be adjudicated guilty and the Corporation may be placed on probation for a term of at least one year but not more than five years;

PAGE 2/8 * RCVD AT 3/14/2007 1:04:31 PM [Central Daylight Time] * SVR:MKE-AS-NTRFAX1/2 * DNIS:8847 * CSID:920 361 1970 * DURATION (mm-ss):02-26
Case 2:07-cr-00246-CNC   Filed 09/18/07   Page 14 of 18   Document 2

Case 10-39799-svk    Doc 25-1    Filed 01/18/11    Page 16 of 20

WHEREAS, the Corporation has been advised by its counsel of certain rights which are surrendered by a guilty plea, and recognizes that these rights include, among others, the following:

    A.    The right to indictment by a grand jury. The grand jury, composed of citizens residing in this judicial district, would have to find that probable cause exists to believe that the Corporation engaged in a violation of federal criminal law.

    B.    If the Corporation persisted in a plea of not guilty to the charge against it, the Corporation would be entitled to a speedy and public trial by a court or jury. The Corporation has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Corporation, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    C.    If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The Corporation and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the Corporation is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    D.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of the Corporation's guilt beyond a reasonable doubt.

    E.    At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the Corporation. The Corporation would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and the Corporation's counsel would have the right to cross-examine those witnesses. In turn, the Corporation could, but is not obligated to, present witnesses and other evidence on its own behalf. The Corporation would be entitled to compulsory process to call witnesses.

WHEREAS, the Corporation after consultation with its counsel, wishes to waive in open court, these aforementioned rights;

WHEREAS, the Corporation has been advised by its counsel of the elements of the offense which the United States must prove beyond a reasonable doubt at trial, namely:

    First, the Corporation knowingly caused or attempted to cause the Secretary of the Department of Agriculture or the secretary's designee to issue an official certificate or form; and

PAGE 3/6 * RCVD AT 3/14/2007 1:04:31 PM [Central Daylight Time] * SVR:MKE-AS-NTRFAX1/2 * DNIS:9847 * CSID:920 361 1970 * DURATION (mm-ss):02-26

Case 2:07-cr-00246-CNC   Filed 09/18/07   Page 15 of 18   Document 2

Case 10-39799-svk   Doc 25-1   Filed 01/18/11   Page 17 of 20

Second, the Corporation knew the official certificate was false or incorrect.

WHEREAS, the Corporation understands that it will be found guilty upon the plea of guilty;

WHEREAS, the Corporation understands that the presiding judge will order that a presentence report be completed and that information collected by the U.S. Pretrial Services Office will be provided to the Court and may be used in determining the sentence in this matter;

WHEREAS, the Corporation understands that the sentence will be based, in part, on the operation of Chapter 8 of the Advisory United States Sentencing Guidelines; as well as 18 U.S.C. § 3553(a);

WHEREAS, the Corporation understands that the presiding judge is not bound to follow the Plea Agreement and that the court is free to sentence the Corporation to the maximum penalty for the offense charged. The Corporation understands that the statutory maximum penalty for the offense is a fine of $20,000; and

WHEREAS, the Board of Directors of the Corporation has full legal authority to make all legal decisions regarding the Plea Agreement and the criminal charge set forth therein.

**NOW THEREFORE IT IS HEREBY:**

RESOLVED, that the Corporation waives its rights to:

    A. Indictment by a grand jury.

    B. A speedy and public trial by either a court or jury.

    C. A jury composed of twelve citizens selected at random.

    D. That the government establish guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    E. A unanimous jury verdict with respect to each element of each offense charged.

    F. The right to confront witnesses upon whose testimony the government is relying to obtain a conviction and the right to cross-examine those witnesses.

    G. The right to present witnesses and other evidence on its own behalf.

    H. The right to compulsory process to call witnesses.

FURTHER RESOLVED, that the Corporation stipulates that the elements of the offense charged could be proved beyond a reasonable doubt;

PAGE 4/5 * RCVD AT 3/14/2007 1:04:31 PM [Central Daylight Time] * SVR:MKE-AS-NTRFAX1/2 * DNIS:6947 * CSID:920 361 1970 * DURATION (mm-ss):02-26
Case 2:07-cr-00246-CNC   Filed 09/18/07   Page 16 of 18   Document 2

Case 10-39799-svk    Doc 25-1    Filed 01/18/11    Page 18 of 20

FURTHER RESOLVED, that the Corporation authorizes its counsel to enter a plea of guilty to the offense set forth in the Plea Agreement;

FURTHER RESOLVED, that the Corporation stipulates that a sufficient factual basis exists for its guilty plea and that such a factual basis is contained in the Plea Agreement;

FURTHER RESOLVED, that the Corporation will pay a fine as ordered by the Court;

FURTHER RESOLVED, that the Corporation will pay restitution, if any, as ordered by the Court;

FURTHER RESOLVED, that the Corporation will pay the special assessment at or before the time of sentencing in this matter;

FURTHER RESOLVED, that the President of the Corporation (David A. Olsen), and the Secretary and Treasurer of the Corporation (Paul E. Olsen) ("Authorized Officers"), or either of them, is/are authorized, for and on behalf and in the name of the Corporation, to execute and deliver the Plea Agreement, together with such changes thereto as the Authorized Officers or either of them may upon advice of counsel determine to be necessary, advisable or appropriate, provided that such changes taken as a whole are favorable to the Corporation;

FURTHER RESOLVED, that the Authorized Officers, or either of them, is/are authorized, for and on behalf and in the name of the Corporation, to take and perform such lawful actions as he or they shall determine to be necessary, advisable or appropriate in connection with the Plea Agreement, in order to accomplish the purposes of the foregoing resolutions and to fully perform the obligations of the Corporation contained in the Plea Agreement;

FURTHER RESOLVED, that the Corporation authorizes its counsel to act on its behalf, to enter pleas on its behalf and to make all decisions and actions on its behalf pertaining to the resolution of all possible outstanding criminal charges which have been brought by the United States;

FURTHER RESOLVED, that the Corporation directs and authorizes its counsel to undertake all actions on the Corporation's behalf that are required by the Plea Agreement reached with the United States, including, but not limited to, signing the Plea Agreement and entering a guilty plea on its behalf; and

FURTHER RESOLVED, that this Unanimous Written Consent Action may be executed in counterparts.

PAGE 5/6 * RCVD AT 3/14/2007 1:04:31 PM [Central Daylight Time] * SVR:MKE-AS-NTRFAX1/2 * DNIS:8847 * CSID:920 361 1970 * DURATION (mm-ss):02:26
Case 2:07-cr-00246-CNC   Filed 09/18/07   Page 17 of 18   Document 2

Case 10-39799-svk    Doc 25-1    Filed 01/18/11    Page 19 of 20

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent Action as of the Effective Date.

_____
David A. Olsen, director

_____
Luther S. Olsen, director

_____
Paul E. Olsen, director

PAGE 6/6 * RCVD AT 3/14/2007 1:04:31 PM [Central Daylight Time] * SVR:MKE-AS-NTRFAX1/2 * DNIS:8847 * CSID:920 361 1970 * DURATION (mm-ss):02-26
Case 2:07-cr-00246-CNC   Filed 09/18/07   Page 18 of 18   Document 2

Case 10-39799-svk   Doc 25-1   Filed 01/18/11   Page 20 of 20