UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re: | Case No. 10-39799-svk |
| Paul E. Olsen, and | |
| Cheryl R. Olsen, | Chapter 11 |
| Debtors, | |

**AFFIDAVIT OF PROPOSED COUNSEL, JOHN B. SELSING OF SELSING LAW OFFICE AND DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. SECTIONS 329 AND 504, AND BANKRUPTCY RULES 2014(a) AND 2016(b)**

John B. Selsing states that the following is true to the best of his knowledge, information, and belief:

1. I am the owner of Selsing Law Office ("Selsing") located at 120 E. Huron St., Berlin, Wisconsin 54923-2050. I am a member in good standing of the Wisconsin State Bar and am admitted to practice before this Court.

2. I am submitting this affidavit in support of the application of the Debtors for authorization to retain with a fee cap of $2,000.00 and to employ Selsing as special counsel pursuant to § 327(a) of the Bankruptcy Code.

3. I am a cousin to the debtor Paul E. Olsen. (i.e. Mr. Olsen's mother is my father's niece). Selsing has provided counsel to the debtors and the debtors' business on numerous occasions throughout the past 25 years. Selsing's representation of the Debtors has primarily been for collection and eviction proceedings. There is currently one proceeding pending that the Debtors employed Selsing to represent them. That is the Eviction proceeding as defined in the Debtors' application to employ.

4. Based on the conflicts search conducted to date, neither I, Selsing, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, have any connection with the debtors, their creditors, or any other parties-in-interest, their respective

attorneys and accountants, the United States Trustee or any person employed in the office of the U.S. Trustee, except as disclosed in this affidavit or the application that it supports.

5. The conflict search conducted by Selsing included reviewing the creditors listed on the debtors' schedules in their chapter 11 case. As a result of that review, Selsing has no past or current clients that appear on either list.

6. Selsing and its attorneys may use some of the creditors as their own vendors.

7. Selsing does not currently represent, nor will it in the future represent, any entity in connection with this pending chapter 11 case or have any relationship with any such entity, its attorneys or its accountants, which would be adverse to the debtor or its estate.

8. Selsing has accrued $1,125.00 in fees and expenses in representing the Debtors in the Eviction.

9. Selsing intends to apply to the Bankruptcy Court pursuant to the Rules and Code for payment of its fees and expenses.

10. Selsing will charge for its legal services at the following rates (which may be adjusted from time to time after notice to the debtor) for attorneys and paraprofessionals who provide services to the debtor in connection with the chapter 11 proceedings:

    John B. Selsing                           $ 150.00 per hour

11. It is Selsing's policy to charge its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Selsing's policy to charge its clients only the amount actually incurred by Selsing in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses (including meals), court reporter services, computer-assisted legal research, photocopying, airfare, meals and lodging.

12. No promise has been received by Selsing or any member thereof as to payment or compensation in connection with this chapter 11 case other than in accordance with the Code, as disclosed above. Selsing has no agreement with any other entity to share with such entity any compensation received by Selsing in connection with this case.

13. To the best of my knowledge, Selsing does not represent any interest adverse to the Debtors or their estate in the matters as to which Selsing is to be engaged by the debtor except as disclosed in this affidavit. Based upon the foregoing, I submit that Selsing is a "disinterested person" within the meaning of § 101(14) of the Code, as modified by § 1107(b).

14. The foregoing constitutes the statement of John B. Selsing pursuant to §§ 329 and 504 of the Code and Bankruptcy Rules 2014(a) and 2016(b).

Dated: January 24, 2011.

*s/John b. Selsing*
John B. Selsing

Subscribed and sworn to before me
this  24th  day of January, 2011.

*s/Peggy J. Weeks*

Notary Public, State of Wisconsin
My Commission Expires:   7/24/11

3