# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re: | Case No. 10-39799-svk |
| Paul E. Olsen, and | |
| Cheryl R. Olsen, | Chapter 11 |
| Debtors, | |

## OBJECTION TO U.S. BANK'S MOTION FOR RELIEF FROM STAY

Paul and Cheryl Olsen (the "Debtors") object to U.S. Bank National Association ("U.S. Bank"), acting in its sole capacity as Trustee of the Renew Energy LLC Liquidating Trust's (the "Trust"), motion for relief from stay (the "Motion"). In support of their objection, the Debtors state as follows:

*Background*

1. Renew Energy, LLC ("Renew") filed a Bankruptcy Petition under Chapter 11 of the Bankruptcy Code (the "Code") on January 30, 2009 in the Western District of Wisconsin as Case No. 09-10491 (the "Renew Bankruptcy"). An order confirming the Chapter 11 Plan for Renew was entered on July 1, 2010 (the "Renew Plan").

2. The Renew Plan provides for the establishment of the Renew Liquidating Trust, transfers all rights and interests in the assets of Renew and the estate, and grants U.S. Bank, as Trustee of the Renew Liquidating Trust (the "Trustee"), the sole and exclusive right to administer, settle, litigate, and otherwise resolve assets of Renew's bankruptcy estate.

Drafted by:

Melissa S. Blair
Kravit, Hovel & Krawczyk, s.c.
825 North Jefferson Street, Suite 500
Milwaukee, WI 53202
Phone:  414-271-7100
Facsimile: 414-271-8135
E-mail:  msb@kravitlaw.com

3. The Trustee contends that it is a qualified holder of all claims of Renew pursuant to the Renew Liquidating Trust dated July 16, 2010 (the "Trust Agreement").

4. The Trustee asserts that Paul E. Olsen ("Mr. Olsen"), a debtor in this case, was an officer and/or director at Renew. (Mot. at ¶ 6).

5. The Trustee also asserts that Renew purchased a Directors, Officers, and Private Company Liability Insurance policy (the "D&O Policy") that was in effect until January 1, 2010. (*Id*. at ¶ 7).

6. Pursuant to the terms of the D&O Policy, the Trust allegedly is permitted to assert a claim under the D&O policy for the action or inaction of Mr. Olsen. (*Id*. at ¶ 8).

7. According to the Motion, the Trust is required to assert a claim under the D&O Policy for action or inaction of Mr. Olsen on or before February 4, 2011. (*Id*. at ¶ 9).

8. The Motion indicates that the Trustee is "investigating potential claims that may be available to the Trust under the D&O Policy and Wisconsin Law against the Directors and Officers of Renew, including the Debtor, Paul E. Olsen." (*Id*. at ¶ 13). However, the Trustee has not determined whether it will pursue such claims. (*Id*.)

9. The Trustee filed the Motion in order to "(i) pursue such claims against the Debtor prior to these deadlines, or (ii) enter into an appropriate tolling agreement with the Debtor prior to these deadlines." (*Id*. at ¶ 14).

### *The Automatic Stay Does Not Bar Claims Against a Debtor's Insurer*

10. The Motion is unclear as to whether the Trustee wishes to potentially bring a claim against Mr. Olsen is his personal capacity or to assert a claim under the D&O policy. The general rule is that the automatic stay does not bar actions against a debtor's insurer. *See In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991). Thus, barring an exception to

this general rule, the automatic stay does not bar the Trustee from bringing a claim under the D&O policy.

### *The Trustee is Not Entitled to Relief from Stay*

11. While the filing of a bankruptcy petition ordinarily stays all actions against a debtor, § 362(d) provides that a bankruptcy court may terminate, annul, modify, or condition the automatic stay for "cause." Because the Code does not define "cause," it is determined on a case by case basis. *Id*. at 735 (citations omitted).

12. Having no clear definition of "cause," courts in this Circuit determine whether cause exists by applying a fact-intensive three-factor balancing test, asking whether:

> (1) any great prejudice to either the estate of the debtor will result from continuation of the civil suit;
>
> (2) the hardship to the non-bankruptcy party by maintenance of the stay considerably outweighs the hardship to the debtor; and
>
> (3) the creditor has a probability of prevailing on the merits.

*Id*. (citations omitted).

13. In its Motion, the Trustee does not address these factors. However, in regard to the first and third factors, there has been no civil suit filed against Mr. Olsen, and at this point, it is impossible for the Court to weigh the third factor, i.e., whether or not there is a probability that the Trustee would prevail on the merits of such an action. If a civil suit were allowed to be filed against Mr. Olsen and litigated outside of the jurisdiction of the Bankruptcy Court, the Debtors' estate assets could be impacted by the need to defend lawsuits filed in multiple jurisdictions.

14. In considering the second factor, the appropriate procedure for the Trustee to assert its claim against Mr. Olsen, if it is indeed entitled to such a claim, is to file a proof of

claim pursuant to § 501 of the Code. By filing a proof of claim, any hardship to the Trustee could be avoided.

### *Conclusion*

WHEREFORE, for all of these reasons, the Debtors requests that Motion be denied and that the Court grant such other relief as is just.

Dated: January 26, 2011.

                         Kravit, Hovel & Krawczyk s.c.

                         *s/Melissa S. Blair*
                         Stephen E. Kravit
                         Melissa S. Blair
                         *Attorneys for Paul E. Olsen and Cheryl R. Olsen*

Kravit, Hovel & Krawczyk s.c.
825 North Jefferson Street, Suite 500
Milwaukee WI, 53202
Phone: 414-271-7100
Fax: 414-271-8135
E-mail: msb@kravitlaw.com

4